IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MARK HINSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT WILKES, Warden; RUTHIE SHELTON, Deputy Warden; AUGUSTA STATE MEDICAL PRISON; MARY ALSTON, Medical Director; SHARON LEWIS, GDOC Medical Director; MRS. YOUNG, ASMP Mental Health Director; STAN SHEPARD, Regional Director; MRS. FISHERMAN, Mental Health Counselor; NATHAN DEAL, Governor; GREGORY C. DOZIER, Commissioner; MRS. CODY, Unit Manager; MR. RED, Unit Manager; SRGT. MOTON, Unit Srgt.; COI KELLEY; COI CUMMINGS; DR. WILLIAMS, Clinical Director; HEAD NURSE WILSON; COUNSELOR COUSINS; COUNSELOR HAMILTON; and DAVIS, Regional Director,[1] | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CV 118-025 |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, currently incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, Plaintiff's complaint must be screened to protect

---

[1] The Court **DIRECTS** the Clerk to update the docket in accordance with the caption on this Order.

potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I. SCREENING OF THE COMPLAINT

### A. BACKGROUND

Plaintiff names as Defendants (1) Scott Wilkes, Warden; (2) Ruthie Shelton, Deputy Warden; (3) Augusta State Medical Prison; (4) Mary Alston, Medical Director; (5) Sharon Lewis, GDOC Medical Director; (6) Mrs. Young, ASMP Mental Health Director; (7) Stan Shepard, Regional Director; (8) Mrs. Fisherman, Mental Health Counselor; (9) Nathan Deal, Governor; (10) Gregory Dozier, Commissioner; (11) Mrs. Cody, Unit Manager; (12) Mr. Red, Unit Manager; (13) Srgt. Morton, Unit Srgt.; (14) COI Kelley; (15) COI Cummings; (16) Dr. Williams, Clinical Director; (17) Head Nurse Wilson; (18) Counselor Cousins; (19) Counselor Hamilton; and (20) Davis, Regional Director. (Doc. no. 1, pp. 1, 4; doc. no. 1-1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 21, 2017, Defendant Cummings let an inmate into Plaintiff's cell to rape Plaintiff. (Doc. no. 1, p. 5.) In addition, it took Plaintiff more than two years to start hormone treatment, and Plaintiff was denied a castration procedure. (Id.) Plaintiff is not given medical and mental health appointments nor housed appropriately. (Id.) Plaintiff has spoken with Defendants Wilkes, Shelton, Cousins, and Wilson about these problems receiving treatment, but to no avail. (Id. at 7.)

### B. LEAVE TO AMEND COMPLAINT

Plaintiff alleges deliberate indifference to safety and medical needs claims against

2

Defendants. However, Plaintiff never alleges any wrongful acts or omissions by any Defendant other than COI Cummings. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). The Court therefore will give Plaintiff an opportunity to amend the complaint and properly allege wrongful acts or omissions by Defendants. Concerning Plaintiff's hormone treatment and desired castration, Plaintiff should include as much information as possible about Plaintiff's alleged medical diagnoses, symptoms, treatment rendered, and treatment sought, as well connect any named Defendant to the alleged wrong suffered. As to all remaining allegations, Plaintiff should describe in detail what happened, when, where, and who is responsible. Accordingly, the Court **ORDERS** Plaintiff to amend the complaint within fourteen days of the date of this Order.[2] Plaintiff must use the standard form provided along with this Order, with no more than six handwritten pages attached. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming dismissal of case where plaintiff failed to heed pleading instructions from court to re-draft complaint to make more concise); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing amended complaint shall not exceed six handwritten pages). If Plaintiff wishes to pursue this case, Plaintiff **MUST** file an amended complaint, which **MUST** be filed in accordance with the following instructions.

---

[2]The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

## II. INSTRUCTIONS

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in the amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to the amended complaint, Plaintiff shall not incorporate them by reference as a means of providing the factual basis for the complaint. For example, Plaintiff should not simply state, "See attached documents." Thus, Plaintiff must name the individuals whom Plaintiff seeks to include as defendants herein in both the caption and the body of the amended complaint; Plaintiff may not rely on the fact that individuals are named in the exhibits attached to the amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in the amended complaint.

Plaintiff is further cautioned that no portion of any prior complaint shall be

incorporated into the amended complaint by reference.  Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order.  Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that Plaintiff wishes the Court to consider as a basis for awarding the relief sought.  Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, defendants should be served with a copy of the amended complaint.  If no response is timely received from Plaintiff, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.  Plaintiff is cautioned that while this action is pending, Plaintiff shall immediately inform this Court of any change of address.  Failure to do so will result in dismissal of this case.

SO ORDERED this 22nd day of March, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA