IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CHRISTOPHER M. HINSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 118-025 |
| ) | |
| COI CUMMINGS; SCOTT WILKES, ) | |
| Warden; SHARON LEWIS, GDOC Medical ) | |
| Director; MARY ALSTON, Medical ) | |
| Director; SRGT. MOTON; RUTHIE ) | |
| SHELTON, Deputy Warden; STAN ) | |
| SHEPARD, Regional Director; NATHAN ) | |
| DEAL, Governor; GREGORY C. DOZIER, ) | |
| Commissioner; and COUNSELOR ) | |
| COUSINS, SART Team, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE COMPLAINT**

   **A.    BACKGROUND**

Plaintiff names the following Defendants: (1) COI Cummings; (2) Scott Wilkes, Warden; (3) Sharon Lewis, GDOC Medical Director; (4) Mary Alston, Medical Director; (5)

Srgt. Moton; (6) Ruthie Shelton, Deputy Warden; (7) Stan Shepard, Regional Director; (8) Nathan Deal, Governor; (9) Gregory Dozier, Commissioner; and (10) Counselor Cousins, SART Team. (See doc. no. 9, pp. 2-3, 9-10.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of screening, the facts are as follows.

A fellow inmate beat and raped Plaintiff after Defendant Cummings let him into Plaintiff's cell at ASMP. (Id. at 5, 14.) Plaintiff complained to personnel several times, but they lost his complaints and evidence of his report and failed to investigate his allegations. (Id. at 14.) Defendants Moton, Wilkes, Shelton, Lewis, Deal, and Dozier, as well as Mr. Womble, the unit manager, were notified after the rape but took no action. (Id.)

Defendants Alston, Cousins, and Shelton refused to provide mental health or medical treatment to Plaintiff after he was beaten and raped and for being housed in 12 A 1204 while transgender. (Id. at 14-15.) Plaintiff also filed a grievance alleging he was not receiving needed hormones and treatment for his gender dysphoria, which Defendant Lewis returned denied. (Id. at 15.) Plaintiff was denied haircuts and shaves every week, which he claims violates his right to be free from cruel and unusual punishment. (Id.) Finally, Plaintiff alleges he is inappropriately "housed with lifers and murderers, rapist such on [sic]." (Id.) As a result of all these circumstances, Plaintiff attempted to commit suicide by overdose. (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A

claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not

mean that the court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Supervisory Liability Against Defendants Wilkes, Lewis, Moton, Shepard, Deal, and Dozier.

Plaintiff attempts to hold Defendants Wilkes, Lewis, Moton, Shepard, Deal, and Dozier liable because they were informed about his rape but "took no action."  (Doc. no. 9, p. 14.)  Plaintiff also attempts to hold Defendant Lewis liable for denying a grievance in which he complained about not receiving "much needed hormones and treatment" for his gender dysphoria.  (Id. at 15.)  However, "[s]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Dalrymple v. Reno, 334 F.3d 991, 995 (11th Cir. 2003).  "Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).  Therefore, to hold a supervisor liable, Plaintiff must demonstrate that either (1) he actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation.  See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Here, Plaintiff alleges these Defendants were notified of his rape and took no action and Defendant Lewis denied a grievance in which he complained he was not receiving hormone treatment.  Nowhere does Plaintiff allege any of these Defendants were the individuals

4

responsible for letting the fellow inmate into Plaintiff's cell to rape him or that Defendant Lewis was responsible for providing him with hormone treatment.

Moreover, Plaintiff does not show Defendant Lewis was directly involved with denying him hormones and treatment for gender dysphoria by merely alleging she denied a grievance Plaintiff wrote about his problem. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia,* "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).

Likewise, Plaintiff has not alleged a causal connection between these Defendants and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'"

5

Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation. Simply notifying these Defendants he was raped does not show personal participation by these Defendants in the dangerous conditions leading to it, let alone suggest they have instituted a policy or custom causing such a problem. Nor does filing a grievance show Defendant Lewis's personal participation or official policy resulting in denial of treatment for Plaintiff's gender dysphoria. In sum, Plaintiff has not shown these Defendants actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendants Wilkes, Lewis, Moton, Shepard, Deal, and Dozier.

### 3. Plaintiff's Claims Should Be Dismissed Because Plaintiff Does Not Allege Any Claim Against Any Particular Defendant.

The Eleventh Circuit has held a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations associating the defendant with the purported constitutional violation. Douglas, 535

6

F.3d at 1321-22 (citing Pamel Corp., 621 F.2d at 36) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")).

Plaintiff alleges he was denied haircuts and shaves, was told his gender dysphoria is merely an attempt to gain attention, and has not been house appropriately. (Doc. no. 9, p. 15.) However, Plaintiff does not allege how the named Defendants participated in these alleged constitutional violations. Plaintiff merely alleges nameless individuals denied him haircuts and shaves every week and housed him improperly, and a Dr. Hoby, who is not a party to this action, told him he is just seeking attention for his gender dysphoria. Thus, Plaintiff alleges no acts associating any defendant with the purported constitutional violations, and Plaintiff's haircut, gender dysphoria, and housing claims should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's haircut, gender dysphoria, and housing claims be **DISMISSED**, Plaintiff's claims against Defendants Wilkes, Lewis, Moton, Shepard, Deal, and Dozier be **DISMISSED**, and Defendants Wilkes, Lewis, Moton, Shepard, Deal, and Dozier be **DISMISSED** from this case. In a companion Order, the Court has allowed Plaintiff's failure-to-protect claim against Defendant Cummings and deliberate indifference to medical and psychiatric needs against

8

Defendants Alston, Cousins, and Shelton to proceed.

SO REPORTED and RECOMMENDED this 25th day of June, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA