# Exhibit A

(Declaration of Barbra Colon)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| CHRISTOPHER M. HINSON JR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 1:18-CV-025-JRH-BKE |
| ) | |
| COI CUMMINGS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF BARBRA COLON

1.

My name is Barbra Colon. I am *sui juris* and competent to testify in this matter and under no civil or legal disability. I give this Declaration as evidence in the above-styled action and for any lawful purpose. I make this Declaration based on my own personal knowledge and on relevant documents regularly kept in the normal course of business by the Georgia Department of Corrections ("GDC"). Where such documents are relied upon, they are specifically cited to or referenced.

2.

I am over the age of 18 and I am competent to execute this Declaration.

3.

I am the current Grievance Coordinator at Augusta State Medical Prison ("ASMP").

4.

The GDC maintains a grievance procedure by which ASMP's inmates may attempt to resolve an alleged problem.

5.

As Grievance Coordinator, I am familiar with the GDC standard operating grievance procedures for ASMP's inmates. A true and correct copy of the GDC's Standard Operating Procedure ("Grievance SOP") in effect at ASMP during 2017 is attached hereto as Attachment 1.

6.

Upon entering ASMP, each offender, including Christopher Hinson ("Inmate Hinson"), received an oral explanation of the grievance procedure. Hinson also received a copy of the Orientation Handbook for Offenders, which included instructions about the grievance procedure. Additionally, a copy of the grievance policy is available to Hinson at ASMP's library. No inmate is denied access to the grievance procedure.

7.

With the exception of certain matters that are designated in the Grievance SOP as "Non-Grievable Issues," the Grievance SOP is applicable to any condition, policy, procedure, or action or lack thereof that affects the offender personally.

8.

The grievance procedure at ASMP has two (2) steps. First, the inmate files the Original Grievance. Second, the inmate may file an appeal with the Central Office of Appeal. The Grievance SOP specifically details and outlines the process for each of the two steps.

9.

Inmates must submit their grievance no later than ten (10) calendar days from the date they knew, or should have known, of the facts giving rise to their grievance.

10.

The Grievance Coordinator screens the grievance before forwarding it to the Warden for the Warden's review and decision.

11.

Once the grievance passes the screening, it is assigned to a staff member to thoroughly investigate. The investigator will complete a report, attaching all relevant documentations, and submit to the Grievance Coordinator. The Grievance Coordinator then forwards that report to the Warden. The Warden, after reviewing the report(s), must issue a decision in writing and must state the reasons for said decision. The Grievance Counselor must then give the Warden's written decision to the inmate.

12.

The Warden has forty (40) calendar days from the date the inmate submitted his grievance to the counselor to deliver the decision to the inmate. A ten day extension may be granted, but only once.

13.

Inmates have seven (7) calendar days from the date they receive the response to the original grievance to file a Central Office Appeal.

14.

The Commissioner or their designee has one hundred (100) calendar days after receipt of the Grievance Appeal to deliver a decision to the inmate.

15.

The grievance process is exhausted when the Grievance Counselor notifies the detainee of the written response from the Commissioner or their designee.

16.

Each grievance must relate to a single issue or incident.

17.

GDC procedures do not contain any provision allowing detainees to bypass the grievance process.

18.

In 2017, an accusation that an officer failed to protect an inmate from a sexual assault, or that the medical staff failed to provide needed medical care, was grievable pursuant to the grievance SOP described above.

19.

In preparation for this declaration, I have reviewed Inmate Hinson's movement history, grievance history, and grievances filed by Hinson after March 21, 2017.

20.

Hinson was an inmate at ASMP from March 29, 2016 to December 15, 2017. (Attachment No. 2, Offender Movement History).

21.

Inmate Hinson filed seven (7) grievances while he was housed at ASMP. (Attachment No. 3, Plaintiff's Grievance History).

22.

On March 28, 2017, Inmate Hinson filed Grievance Number 240280, in which he complained that from October 2016 to March 22, 2017, he went through "all necessary medical requirements to receive [female] hormone therapy," and that he was supposed to "begin the shots in October 2016," but has not received any. His request was "to begin shots immediately."

That grievance was denied because Hinson was scheduled to see an endocrinologist. (See Attachment No. 4, Grievance No. 240280)

23.

If an officer failed to protect Hinson from an assault on March 21, 2017, with ten days to grieve that issue, Hinson had until March 31, 2017 to file a grievance.

24.

While Hinson filed Grievance Number 240280 within ten days from March 21, 2017 complaining that he was not being treated with hormones for his gender identity issue, he did not mention that an officer failed to protect him from a sexual assault, that he was sexually assaulted, or that he needed medical and/or psychological care because of said sexual assault. Grievance 240280 was the only grievance Hinson filed within ten days after March 21, 2017.

25.

Because Inmate Hinson did not file a grievance within ten (10) days of March 21, 2017, complaining that an officer failed to protect him from a sexual assault by another inmate on that date, he has not exhausted GDC's administrative process to resolve his complaints.

26.

Likewise, Hinson also failed to exhaust the administrative process that GDC has to resolve his claim that the medical staff refused to provide medical care to him after he was allegedly assaulted on March 21, 2017.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct.

This 30 day of August, 2018.

_____
BARBRA COLON