IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. HINSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-025 |
| | ) | |
| COI CUMMINGS; MARY ALSTON, | ) | |
| Medical Director; RUTHIE SHELTON, | ) | |
| Deputy Warden; and COUNSELOR | ) | |
| COUSINS, SART Team, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Defendants Cummings, Alston, and Shelton request a stay of discovery pending resolution of their pre-answer motion to dismiss, in which they seek dismissal of the case in its entirety based on Plaintiff's alleged failure to exhaust administrative remedies. For the reasons set forth below, the Court **GRANTS** the motion to stay. (Doc. no. 24.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the defense motion, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, Defendants Cummings, Alston, and Shelton have moved for dismissal of the case in its entirety. (See doc. no. 22, 22-1).

When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motion to dismiss. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

The Court acknowledges Defendant Cousins has not been served. This Order does not stay the service deadline for Defendant Cousins or stay the time period by which Defendant Cousins must file a responsive pleading once he is served or waives service. This stay applies only to Plaintiff's claims against Defendants Cummings, Alston, and Shelton.

Thus, the Court **GRANTS** Defendants Cummings, Alston, and Shelton's motion to stay, (doc. no. 24), and **STAYS** all matters in this action concerning Plaintiff's claims against

Defendants Cummings, Alston, and Shelton pending final resolution of the motion to dismiss.

SO ORDERED this 10th day of September, 2018, at Augusta, Georgia.

*BRIAN K. EPPS*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA